UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 21  P 12: 03

| | |
|---|---|
| JENNIFER COPELAND,<br>Plaintiff, | CIVIL ACTION NO.<br>3:02CV2168 (JCH) |
| v. | |
| HOME AND COMMUNITY HEALTH<br>SERVICES, INC.,<br>Defendant. | October 20, 2003 |

## JOINT STATUS REPORT

In accordance with the Court's June 11, 2003 Status Conference Order, the parties, through the undersigned counsel, hereby submit this Joint Status Report.

1. The plaintiff, Jennifer Copeland, has brought a three count complaint under the Family and Medical Leave Act ("FMLA") and under the Connecticut common law tort of negligent infliction of emotional distress.

2. The disputed issues of fact in this case primarily involve a series of events and conversations which occurred between December 2000 and January 2001. More particularly there is a fundamental credibility dispute between Ms. Copeland and the defendant's Director of Human Resources, Terry Molnar, regarding the circumstances of the plaintiff's return to work following her FMLA leave and as to whether the plaintiff was terminated or voluntarily resigned. The only disputed issues of law identified to date relate to the negligent infliction of emotional stress claim. Those legal disputes were raised by the defendant through a motion to dismiss, which was addressed by the Court its Ruling on Defendant's Motion to Dismiss, issued on September 29, 2003.

- 2 -

3. The parties have completed the anticipated written discovery in this case, and have taken depositions of the two primary fact witnesses - the plaintiff and Ms. Molnar. The plaintiff expects to conduct two or three additional short depositions. The defendant may take the deposition of the plaintiff's treating physician at the time of her leave of absence. The plaintiff's expert disclosure is currently due on December 1, 2003. The parties anticipate that they will be able to complete discovery by January 15, 2004 (the current discovery deadline is March 1, 2004).

4. Dispositive motions will not be filed by either party.

5. No additional pleadings will be filed prior to the joint trial memorandum.

6. Counsel anticipate that this case will be ready for trial by March 1, 2004.

7. No additional preparation will be required to get this case ready for trial.

8. No additional intervention by the Court will be necessary to facilitate the progress of this case.

9. The parties do not believe that a settlement conference or assignment of a special master would be beneficial at this time. Magistrate Judge Fitzsimmons conducted a settlement conference on October 17, 2003. While a follow-up conference with Judge Fitzsimmons may be appropriate in the future, absent a substantial change in the positions of the parties it appears that a trial will be necessary to resolve the disputed issues of fact in this case.

Respectfully submitted,

_____
Gregg D. Adler ct05698
Livingston, Adler, Pulda, Meiklejohn
 & Kelly P.C.
557 Prospect Avenue
Hartford, CT 06105-2922
(860) 233-9821

Counsel for plaintiff, Jennifer Copeland

_____
Stephen B. Harris  ct13125
Wiggin & Dana
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
(203) 498-4400

Counsel for defendant,
Home and Community Health Services, Inc.